UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA MAREE MILLER,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO CITY UNIFIED SCHOOL DISTRICT, et al.,<br><br>Defendants. | No. 2:21-cv-0757-JAM-CKD PS<br><br>ORDER & FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 13) |

Presently before the court is plaintiff's August 6, 2021 motion requesting default judgment and permission to participate in electronic case filing.[1] (ECF No. 13.) Because the motion for default judgment is premature and improperly filed, the undersigned finds it suitable for resolution without a hearing pursuant to Local Rule 230(g) and without receiving a response from defendants. For the following reasons, the undersigned recommends that the motion for default judgment be denied, and the court denies plaintiff's request for e-filing privileges without prejudice to renewal at a later date.

////

---

[1] Because plaintiff is self-represented, all pretrial matters are referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

**I. Request for Default Judgment**

Plaintiff's request for default judgment is both procedurally defective and premature. As for the procedural problems, first, plaintiff's motion is defective because it was not "noticed" for a hearing date. For purposes of filing future motions, plaintiff is directed to Local Rule 230, governing when and how motions are to be filed in this court. Unless an exception applies, "all motions shall be noticed on the motion calendar of the assigned Judge or Magistrate Judge."[2] L.R. 230(b). And in general, motions must be noticed for a hearing date at least 28 days from the date of filing. Id. But see L.R. 251 (21 days' notice for most discovery motions).

While the notice problem could be corrected, plaintiff also runs afoul of the Federal Rules of Civil Procedure with this motion. Rule 55 sets forth a two-step process for seeking default judgment, consisting of: (1) seeking the clerk's entry of default, and then (2) requesting entry of default judgment. See Fed. R. Civ. P. 55(a)-(b); Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009) (noting the "two-step process of 'Entering a Default' and 'Entering a Default Judgment'"); Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986).

Plaintiff has not sought entry of default against any of the four defendants, nor has the Clerk of Court entered any default in this case. Thus, plaintiff has not complied with the first step of the two-step process under Rule 55, and the motion for default judgment should be denied.

Moreover, requesting entry of default by the clerk would be premature because no defendant has yet failed to respond to the complaint within the applicable deadlines. See Fed. R. Civ. P. 55(a) (clerk's entry of default triggered when defending party "has failed to plead or otherwise defend"). Under Rule 12, a defendant generally must serve an answer "within 21 days after being served with the summons and complaint," Fed. R. Civ. P. 12(a)(1)(A)(i); and that deadline is tolled (that is, extended) by the filing of a responsive motion, such as a Rule 12(b)(6) motion to dismiss for failure to state a claim, see Fed. R. Civ. P. 12(a)(4).

Plaintiff, by her own admission, has only served the summons and complaint on three of the four defendants named in her complaint. (ECF Nos. 6, 13 at 3.) According to the proofs of

---

[2] The undersigned hears civil motions on Wednesdays at 10:00 am.

2

service filed with the court, plaintiff served the Sacramento City Unified School District and the Sacramento City Teachers Association ("the Union") on July 13, 2021 via personal service through a professional process server. (ECF No. 5 at 2, 4.) That made the School District's and the Union's answers due on August 3, 2021.

On July 30, 2021, the School District filed an ex parte application for an extension of time to respond to the complaint, and on August 2, 2021, the Union did the same. (ECF Nos. 7-8.) By minute order on August 2, 2021, the court granted both parties an extension until August 31, 2021 to respond to the complaint, pursuant to Local Rule 144(c). (ECF No. 9.) Local Rule 144(c) permits the court to "grant an initial extension ex parte upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary." E.D. Cal. L.R. 144(c). Although ex parte applications for extensions of time are not routinely granted, it is within the court's discretion to grant "one such initial extension." Id. Here, both the School District's and the Union's counsel filed affidavits explaining plaintiff's refusal to stipulate to an extension of time and providing reasons that the court found sufficient to warrant an extension. (ECF No. 7 at 5-7; ECF No. 8.1.) Thus, the deadline for these two defendants to respond to the complaint has not yet expired, so no entry of default would be appropriate at this time.

Plaintiff argues that the School District and the Union failed to serve her with their ex parte applications, that the School District never notified her that it would seek an ex parte extension, and that she did not attend any hearing on the ex parte applications if one was held. (ECF No. 13 at 2.) No hearing was held, nor was one required, before granting these ex parte extensions. "Ex parte," by definition means contact with the court "without notice to, or argument by, anyone having an adverse interest." Black's Law Dictionary (11th ed. 2019); Singh v. Pooni, No. 2:14-CV-02146 JAM, 2015 WL 75249, at *3 (E.D. Cal. Jan. 6, 2015) ("By definition, an ex parte application does not invite a response from the opposing party."). This court's local rules expressly permit the ex parte applications filed by the School District and the Union, and do not require that those applications be served on the opposing party. See E.D. Cal. L.R. 144(c). Moreover, although the Federal Rules require most written motions to be served on

3

each of the parties, there is an exception for ex parte motions.  See Fed. R. Civ. P. 5(a)(1)(D) (requiring that every party be served "a written motion, except one that may be heard ex parte").

The third defendant, Norman Hernandez, is the only other defendant who has yet been served.  According to the proof of service, plaintiff served the summons and complaint on defendant Hernandez on July 15, 2021 (ECF No. 5 at 6), not on July 13, 2021 as plaintiff misstates in her motion.  That made defendant Hernandez's answer due by August 5, 2021.  On that very day, August 5, 2021, defendant Hernandez filed a motion to dismiss the action against him for failure to state a claim (ECF No. 10).  See Fed. R. Civ. P. 12(b)(6).  Although the motion was improperly noticed before the district judge assigned to this case, instead of the undersigned, its filing tolled the deadline for defendant Hernandez to answer the complaint.  See Fed. R. Civ. P. 12(a)(4)(A).  Defendant Hernandez promptly re-noticed his motion to dismiss for a September 29, 2021 hearing before the undersigned.  (ECF No. 12.)  Thus, no answer will be due from defendant Hernandez until his motion to dismiss is resolved by the court.  (And if all claims against him are dismissed without leave to amend, no answer will be due at all.)  As with the School District and the Union, the deadline for defendant Hernandez to respond to the complaint has not yet expired, so no entry of default would be appropriate against him at this time.

The fourth defendant, Judy Yang—an administrator at the charter school where plaintiff was assigned to work—has not been successfully served yet.  (ECF No. 6 (process server's declaration of non-service).)  "It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."  Stephenson v. Lappin, No. CIV S-06-2735 LKK EFB PS, 2007 WL 1113550, at *2 (E.D. Cal. Apr. 13, 2007) (quoting Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996)).  Thus, to the extent plaintiff seeks the entry of default or default judgment against defendant Yang, the motion fails.

As plaintiff appears to acknowledge (ECF No. 13 at 3), the standard 90-day deadline for serving all defendants has now passed, as plaintiff filed the complaint on April 27, 2021.  See Fed. R. Civ. P. 4(m) (requiring service "within 90 days after the complaint is filed").  Rule 4(m)
////

provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Despite acknowledging the lack of service, plaintiff does not indicate whether she intends to seek an extension of time to serve defendant Yang under Rule 4(m), or whether she intends to voluntarily dismiss defendant Yang under Rule 41(a)(1)(A)(i).

The declaration of non-service reflects that the hired process server repeatedly attempted to serve defendant Yang at her suspected place of employment, without success, and could not obtain defendant Yang's home address from the School District or the Union.  (ECF No. 6 at 1.) In recognition of plaintiff's self-represented status, and out of a desire to resolve cases on the merits where possible, **the court on its own motion grants plaintiff an additional 30 days from the date of this order to effect service on defendant Yang** (or to obtain a waiver of service from her, see Fed. R. Civ. P. 4(d)).  Within that 30-day deadline, plaintiff must file with the court either (A) a certificate of service on defendant Yang (or waiver of service), or (B) a notice of voluntary dismissal of the claims against defendant Yang.  Failure to comply with this order will make plaintiff's claims against defendant Yang subject to dismissal.

In sum, plaintiff's request for default judgment should be denied because it is procedurally defective and premature with respect to all four defendants.

## II. Request for E-Filing Privileges

In the same motion, plaintiff also requests permission to use the court's electronic filing system.  (ECF No. 13 at 2.)  Generally self-represented litigants are not permitted to e-file in this district.  See E.D. Cal. L.R. 133(b)(2) ("Any person appearing pro se may **not** utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge.").  The court does not find good cause to depart from the default rule at this time.  Plaintiff argues that she is at an unfair disadvantage and that it is a violation of her constitutional rights to not be able to electronically view the filings in her case.  (ECF No. 13 at 2.)  Plaintiff cites no authority

supporting her contention that e-filing is a constitutional right, nor is the court aware of any. Rather, e-filing is a privilege which in some circumstances may be extended to self-represented parties. If the case proceeds beyond the pleadings stage and plaintiff has not abused the filing procedures, the court will consider a further motion for e-filing privileges. At the current stage, however, the motion is denied. The court assures plaintiff that although she does not have access to electronically view the filings in her case, paper copies of all court orders (including minute orders) are mailed to her at the time of their issuance.

Finally, plaintiff is reminded that her opposition or statement of non-opposition to defendant Hernandez's pending motion to dismiss—currently set for remote hearing on September 29, 2021 (ECF No. 12)—must be filed **no later than September 15, 2021**. See E.D. Cal. L.R. 230(c).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for e-filing privileges (ECF No. 13) is DENIED; and
2. Within 30 days of the date of entry of this order, plaintiff shall file with the court either (A) a certificate of service demonstrating that defendant Yang has been served (or has waived service), or (B) a notice of voluntary dismissal of the claims against defendant Yang. Failure to comply with this order will make plaintiff's claims against defendant Yang subject to dismissal.

**RECOMMENDATION**

It is further RECOMMENDED that plaintiff's request for default judgment (ECF No. 13) be DENIED as premature.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

////

"Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: August 11, 2021

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.mill.757