UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA MAREE MILLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO CITY UNIFIED SCHOOL DISTRICT, et al.,<br><br>　　　　　Defendants. | No.  2:21-cv-0757-JAM-CKD PS<br><br><br>ORDER<br><br>(ECF No. 15) |

On August 24, 2021, plaintiff, who is representing herself in this action, submitted a filing containing objections to the undersigned's findings and recommendations issued August 11, 2021.  (ECF Nos. 14, 15.)  Plaintiff's objections are timely and will be considered by the assigned district judge when he decides whether to adopt the findings and recommendations.  See 28 U.S.C. § 636(b)(1).  However, the undersigned issues this order in response to plaintiff's filing because it also contains various substantive requests and misunderstandings.

**I. The Role of the Magistrate Judge in Pro Se Cases**

First, plaintiff expresses confusion regarding the undersigned's role as the magistrate judge assigned to her case.  Plaintiff points out that she has elected not to consent to magistrate judge jurisdiction for all purposes in this case, see 28 U.S.C. § 636(c).  (ECF No. 15 at 1, 3; see ECF No. 4.)  That is perfectly fine, as there is of course no obligation to consent.  However,

1

because plaintiff is self-represented (proceeding "in propria person," or "pro se" in legal terminology), the undersigned will still handle all pretrial matters in this case as dictated by this court's Local Rules and permitted by federal law. See E.D. Cal. L.R. 302(c)(21) (referring all Sacramento cases in which a party proceeds in propria persona to a magistrate judge); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The following explanation may improve plaintiff's understanding of this admittedly complex judicial structure.

The Federal Magistrates Act, 28 U.S.C. §§ 631–39, governs the jurisdiction and authority of federal magistrate judges. See 28 U.S.C. § 636. "The Act provides that certain matters (for example, non-dispositive pretrial matters) may be referred to a magistrate judge for decision[.]" United States v. Reyna-Tapia, 328 F.3d 1114, 1118 (9th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)(A)). Meanwhile, "certain other matters (such as case-dispositive motions, petitions for writs of habeas corpus) may be referred [to a magistrate judge] only for evidentiary hearing, proposed findings, and recommendations." Reyna-Tapia, 328 F.3d at 1118 (citing 28 U.S.C. § 636(b)(1)(B)). Again, in the Sacramento division of this court, all motions filed in cases where one of the parties is self-represented are referred to magistrate judges. E.D. Cal. L.R. 302(c)(21). If the motion is non-dispositive, a magistrate judge can decide the motion herself. If the motion is dispositive, the magistrate judge will issue findings and recommendations to the district judge.

Dispositive motions include, for example, a motion for default judgment because such a motion would "dispose" of the case by resolving the claims at issue (for instance, by entering judgment in plaintiff's favor). Thus in this case, abiding by § 636(b)(1)(B), the undersigned issued "findings, and recommendations" regarding plaintiff's recent motion for default judgment. (ECF Nos. 13, 14.) Those findings and recommendations, along with plaintiff's timely objections (and any reply from defendants), will then be reviewed by District Judge Mendez, who may accept, reject, or modify the findings and recommendations in a forthcoming order deciding the motion. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(1)-(3).

Conversely, non-dispositive pretrial matters can be decided by a designated magistrate judge without issuing findings and recommendations to a district judge. See § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Non-dispositive pretrial matters include a wide range of motions and other

requests that would not "dispose" of the case. Plaintiff's earlier request for e-filing privileges and defendants' requests for extensions of time to respond to the complaint constitute non-dispositive pretrial matters. Accordingly, the undersigned properly decided those matters without the involvement of a district judge. (ECF Nos. 9, 14 at 6.)

Although non-dispositive matters do not require findings and recommendations, any party may request that the district judge reconsider a magistrate judge's decision on a non-dispositive matter by filing an objection within 14 days of the magistrate judge's decision. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The magistrate judge's decision will only be set aside if it is "clearly erroneous" or contrary to law. Id.

In plaintiff's August 24, 2021 filing, she requests "reconsideration" of both the undersigned's recommendation to deny her motion for default judgment and of the undersigned's order denying her request for e-filing privileges. (ECF No. 15 at 1, 4.) Plaintiff also attaches a form application for permission to participate in e-filing in this case. (Id. at 22.) As explained above, the default judgment motion is still pending before the district judge, who will consider whether to adopt the recommendation to deny that motion.

Because plaintiff timely objected to the undersigned's simultaneous order denying e-filing privileges, the district judge also must consider those objections and "modify or set aside any part of the [e-filing] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see 28 U.S.C. § 636(b)(1)(A). District Judge Mendez will address all of plaintiff's objections in due course.

To the extent plaintiff is also making a new request for e-filing privileges, that request is again denied without prejudice. Because it is not clear whether this case will proceed beyond the pleadings stage, the court currently does not find good cause to depart from the default rule in this district not to permit self-represented litigants to e-file.[1]  See E.D. Cal. L.R. 133(b)(2).

---

[1] The court understands that e-filing would be more efficient for plaintiff and does not assume that plaintiff would try to misuse the system. If plaintiff demonstrates that she can follow the procedural rules as the case moves forward, the undersigned will look favorably on future motions for e-filing privileges—should the case proceed beyond the pleadings stage.

All parties are advised that any motions filed in this case should be noticed for hearing before the undersigned (not before Judge Mendez) unless plaintiff becomes represented by an attorney.[2]

**II. Service of Defendant Yang**

Second, plaintiff explains her continuing difficulty in locating and serving process on one of the defendants named in her complaint, Judy Yang. (ECF No. 15 at 7.) The undersigned granted plaintiff 30 additional days to serve defendant Yang, or to dismiss the claims against her. (ECF No. 14 at 5, 7.) **That deadline expires on Friday, September 10, 2021.** Plaintiff states that, due to her inability to locate Ms. Yang, she "will probably let the 30 days run out" and that she will "not dismiss the claims but if [they] default[], [they] default[]." (ECF No. 15 at 7.)

This proposed passive route to dismissal is not proper. Plaintiff is instructed instead to follow one of the two options provided in the undersigned's previous order. She must file with the court either (A) a certificate of service on defendant Yang (or waiver of service), or (B) a notice of voluntary dismissal of the claims against defendant Yang. Alternatively, plaintiff may request a further extension of time to serve Ms. Yang, which would need to show good cause. See Fed. R. Civ. P. 4(m). If plaintiff fails to take one of these actions by the 30-day deadline, the undersigned will recommend dismissal of the claims against Ms. Yang with prejudice for failure to comply with the court's orders. See Fed. R. Civ. P. 41(b).

**III. Opposition to Defendant Hernandez's Motion to Dismiss**

Third, plaintiff's August 24, 2021 filing states that she "enclosed" a "motion to oppose" the motion to dismiss brought by defendant Norman Hernandez which is set for hearing on September 29, 2021. (ECF No. 15 at 7; see ECF No. 12.) Plaintiff's filing contains two paragraphs responding to certain arguments raised in the Hernandez motion to dismiss. (ECF No. 15 at 7-8.) No further opposition is attached to plaintiff's filing.

It is not proper to combine (A) an opposition to a motion and (B) objections to findings and recommendations within the body of the same filing. Each performs a separate procedural

---

[2] In this court, even those motions for default judgment that are filed by parties represented by an attorney are referred to a magistrate judge. See E.D. Cal. L.R. 302(c)(19).

4

function and requires a separate filing.  (Plaintiff may of course send the court more than one filing within the same mailing, but each filing should be separated with its own title/caption page so that it can be docketed and addressed separately.)

**Should plaintiff wish to file a more complete opposition to defendant Hernandez's motion to dismiss, she may do so up until the September 15, 2021 deadline.**  See E.D. Cal. L.R. 230(c) (requiring opposition or statement of non-opposition to be filed no less than 14 days before hearing date).  **If no formal opposition is received by that date, the court will treat the arguments contained on pages 7 and 8 of plaintiff's present filing as her opposition to defendant Hernandez's motion.**  (See ECF No. 15 at 7-8.)  In the future, plaintiff is instructed to file separately any opposition to a motion.

**IV. Additional Complaint Exhibits**

Finally, plaintiff attaches to her August 24, 2021 filing various exhibits that she states she "left off" of her original complaint.  (Id. at 9.)  This is not the proper way to add material in support of a complaint, not does it appear that these exhibits are necessary additions to the complaint.  Plaintiff has already attached to her current complaint more than 200 pages of exhibits, and as a general matter, no documentation or "proof" of one's allegations are even required at the pleadings stage.  In order to survive a motion to dismiss, a complaint need only contain good-faith factual allegations that plausibly state a claim for relief.

If plaintiff still wishes to add these (or other) further exhibits to her complaint, at this point she would need to either file a noticed motion for leave to amend the complaint under Federal Rule of Civil Procedure 15, or obtain all defendants' consent to amend the complaint to add in the desired exhibits.  See Fed. R. Civ. P. 15(a)(2).[3]  In addition to explaining the need for amendment, any motion to amend would have to comply with Local Rule 137(c) (governing documents requiring leave of court) by attaching a copy of the proposed amended complaint along with all exhibits.

---

[3] Plaintiff's window to amend the complaint as a matter of course under Rule 15(a)(1) already expired, since it has been more than 21 days since she served the complaint and more than 21 days since service of defendant Hernandez's motion to dismiss.

5

**ORDER**

In accordance with the above explanation, IT IS HEREBY ORDERED that:

1. Plaintiff's renewed request for e-filing privileges (ECF No. 15 at 1, 4) is DENIED;

2. Should plaintiff wish to file a formal opposition to defendant Hernandez's motion to dismiss (ECF No. 12), she may do so up until **September 15, 2021**; and

3. No later than **September 10, 2021**, plaintiff shall file with the court one of the following:

    a. A certificate of service demonstrating that defendant Yang has been served (or has waived service),

    b. A notice of voluntary dismissal of the claims against defendant Yang, or

    c. A request for a further extension of time to serve defendant Yang, for good cause. Failure to comply with this order will make plaintiff's claims against defendant Yang subject to dismissal pursuant to Fed. R. Civ. P. 41(b).

Dated: August 31, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.mill.757