UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA MAREE MILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>SACRAMENTO CITY UNIFIED SCHOOL DISTRICT,<br><br>    Defendant. | No. 2:21-cv-0757-JAM-CKD PS<br><br>ORDER & FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 31, 33) |

Plaintiff is proceeding without counsel in this fee-paid employment discrimination action.[1] On November 5, 2021, the court adopted the undersigned's October 14, 2021 findings and recommendations thereby (1) dismissing plaintiff's claims against her employer, the Sacramento City Unified School District (the "School District"), with leave to amend, and (2) dismissing with prejudice plaintiff's claims against the other two defendants.  (ECF Nos. 29, 31.) On December 9, 2021, after the deadline for any amendment had passed, the undersigned issued an order to show cause why the case should not be dismissed with prejudice for failure to prosecute.  (ECF No. 32.)  The order to show cause specified that the filing of a First Amended Complaint or notice of voluntary dismissal within fourteen days would satisfy the order to show

---

[1] Because plaintiff is self-represented, all pretrial matters are referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

cause; and that failure to comply with the order would result in a recommendation of dismissal with prejudice under Federal Rule of Civil Procedure 41(b). (Id. at 2-3.)

On December 20, 2021, plaintiff filed a 47-page response to the order to show cause. (ECF No. 33.) The first nine pages contain a single, unbroken stream of sentences expressing plaintiff's difficulties with various judicial and law enforcement systems, primarily regarding her loss of custody of one of her daughters and fear for that daughter's safety. Almost none of plaintiff's narrative responses bear any relation to the employment discrimination claims asserted in this case. The rest of the response consists of exhibits regarding state court cases and communications that are also unrelated to this employment discrimination case.

Although the court sympathizes with plaintiff's difficult experiences, the only claims before the court in this case are those arising from plaintiff's employment with the School District. The only portion of plaintiff's response relevant to this case are her opening sentences, in which she states: "I do not intend to amend my first complaint. I feel like I submitted a thorough and truthful account of my workplace experiences spanning two decades, and I provided the court and defendants with ample evidence of foul play." (ECF No. 33 at 1.) Plaintiff also expresses an inability to compose legal arguments and states this "is really a law enforcement investigation." (Id.)

As explained in the undersigned's October 14, 2021 findings and recommendations, plaintiff's complaint fails to plead the necessary facts to make out any of the employment discrimination claims she appeared to be asserting against the School District—and most of her claims are likely time-barred as well. (ECF No. 29 at 12-19.) The court explained these deficiencies to plaintiff and gave her an opportunity to address them via amendment. Plaintiff has expressly declined that opportunity, and thus her claims against the School District should now be dismissed with prejudice for the reasons explained in the undersigned's October 14th findings and recommendations.

Lastly, buried within plaintiff's response to the order to show cause are repeated requests that the response not be made public in order to preserve the privacy of plaintiff's minor child. While plaintiff has not attempted to comply with Local Rule 141, governing "requests to seal"

information being filed with the court, the undersigned finds good cause to order the response to be sealed.  Plaintiff's response contains a wide range of information bearing no relation to this case which might infringe the privacy rights of third parties—including plaintiff's minor daughter—who are not part of this litigation.  Plaintiff is cautioned of the strong presumption that all documents filed with the court should be publicly accessible, and cautioned that any future requests to seal documents in this court must comply with Local Rule 141.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request contained in her response to the show cause order that her response (ECF No. 33) be filed under seal is GRANTED; and
2. The Clerk of Court is instructed to SEAL the document filed at ECF No. 33.

## RECOMMENDATION

It is further RECOMMENDED that:

1. All of plaintiff's claims against the only remaining defendant, Sacramento City Unified School District, be DISMISSED with prejudice both under Fed. R. Civ. P. 41(b) and for failure to state a claim, for the reasons set forth in the undersigned's October 14, 2021 Findings and Recommendations (ECF No. 29); and
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may

/////

/////

waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  January 4, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.mill.757